11-1165-pr
Yannotti v. United States

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of April, two thousand twelve.

Present:
>   DENNIS JACOBS,
>   > *Chief Judge*,
>   ROBERT A. KATZMANN,
>   > *Circuit Judge*,
>   JOHN F. KEENAN,
>   > *District Judge*.[*]

_____

MICHAEL YANNOTTI,

>   *Petitioner-Appellant*,

>   v.                                                    No. 11-1165-pr

UNITED STATES OF AMERICA,

>   *Respondent-Appellee*.

_____

For Petitioner-Appellant:        SETH GINSBURG, Law Offices of Seth Ginsburg, New York, N.Y.

-----

[*] The Honorable John F. Keenan, of the United States District Court for the Southern District of New York, sitting by designation.

For Respondent-Appellee:     BRIAN R. BLAIS (Katherine Polk Failla, *on the brief*), Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Scheindlin, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Petitioner-appellant Michael Yannotti appeals from a March 14, 2011 final judgment of the United States District Court for the Southern District of New York (Scheindlin, *J.*), denying his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Yannotti is currently serving a 20-year sentence for a Racketeer Influenced and Corrupt Organizations Act ("RICO") conspiracy conviction sustained after a jury trial. At trial and on appeal, Diarmuid White, Esq. ("counsel") represented Yannotti. Because counsel admits that he was unaware that Yannotti could be convicted of RICO conspiracy on the basis of two timely predicate acts in which Yannotti was neither named as a participant nor personally involved, Yannotti argues that counsel made a number of ill-advised strategic decisions that collectively led to Yannotti's conviction. On appeal, Yannotti contends that counsel's failure to understand the law constitutes ineffective assistance of counsel and requires a new trial. We presume the parties' familiarity with the facts and procedural history of this case.

"Upon an appeal from the denial of a § 2255 motion, we review the district court's factual findings for clear error and its legal conclusions *de novo*." *Rosario v. United States*, 164 F.3d 729, 735 (2d Cir. 1998). "Section 2255 allows a federal prisoner to attack collaterally his sentence on the grounds that it was 'imposed in violation of the Constitution.'" *Morales v.*

2

*United States*, 635 F.3d 39, 42-43 (2d Cir. 2011) (quoting 28 U.S.C. § 2255(a)). "Because the Sixth Amendment provides criminal defendants with the right to *effective* assistance of counsel, inadequate representation is a basis for relief under section 2255." *Id.* at 43 (internal citation omitted).

The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to . . . have the Assistance of Counsel for his defence." U.S. CONST. amend. VI. In order to prevail on an ineffective assistance of counsel claim, petitioner must show (1) "that counsel's representation fell below an objective standard of reasonableness," and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). In evaluating whether counsel's performance was deficient, "[t]he question is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." *Harrington v. Richter*, 131 S. Ct. 770, 788 (2011). We "'must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance,' bearing in mind that '[t]here are countless ways to provide effective assistance in any given case' and that '[e]ven the best criminal defense attorneys would not defend a particular client in the same way." *United States v. Aguirre*, 912 F.2d 555, 560 (2d Cir. 1990) (quoting *Strickland*, 466 U.S. at 689)). In evaluating whether the proceeding would have been different but for counsel's error, "[t]he likelihood of a different result must be substantial, not just conceivable." *Harrington*, 131 S. Ct. at 792.

3

Without addressing whether counsel was deficient due to his misunderstanding of RICO conspiracy law, we conclude that Yannotti cannot prevail on his ineffective assistance of counsel claim because he has not demonstrated a substantial likelihood that, but for counsel's allegedly deficient performance, the result of the proceeding would have been different. *See id.*; *see also Strickland*, 466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed."). As an initial matter, we reject Yannotti's contention that because counsel "fail[ed] to subject the prosecution's case to meaningful adversarial testing," he is entitled to a presumption of prejudice. *See United States v. Cronic*, 466 U.S. 648, 659 (1984). After all, Yannotti concedes that counsel's performance led to his acquittal of two murders and a substantive RICO charge. He thus does not argue "that his counsel failed to oppose the prosecution throughout the . . . proceeding as a whole, but that his counsel failed to do so at specific points." *Bell v. Cone*, 535 U.S. 685, 696-97 (2002). Because "the attorney's failure must be complete" in order for the presumption of prejudice to apply, *id.* at 697, Yannotti is not entitled to a presumption of prejudice.

We further conclude that Yannotti cannot demonstrate actual prejudice within the meaning of *Strickland* in light of the substantial evidence of his guilt. Contrary to Yannotti's contention, there was ample evidence that he was a member of the Gambino family, including, *inter alia*, (1) testimony that he was a longtime associate in Nicholas Corrozzo's crew, which made money through wide-ranging criminal activities, including loansharking, gambling, drug dealing, and extortion, (2) testimony that by the mid to late 1990s he was "promoted to the rank of soldier in the Gambino family," Tr. 2975, and was "formally introduced" to multiple people, including cooperating witnesses DiLeonardo and Fappiano, as "a made member," meaning an

4

"official member," of the Gambino family, *id.* at 132, 2977, and (3) phone records, stipulations, and testimony indicating that Yannotti was in contact with multiple Gambino members and associates up until the time of his arrest. The government also adduced extensive evidence that two foreseeable predicate acts were committed during the limitations period. Specifically, there was extensive testimony detailing both the Gambino family's extortion of the construction industry and the Gambino family's securities fraud. While Yannotti contends that had counsel properly understood the law, he would have cross-examined the government's witnesses about the securities fraud and construction industry extortion predicates, he provides no specific line of attack the attorney could have pursued. Given that counsel for his co-defendants rigorously cross-examined the government's witnesses on the securities fraud and construction industry extortion schemes, Yannotti cannot demonstrate that had counsel similarly attacked the government's evidence of these predicate acts, it is likely that the result would have been different. As to Yannotti's argument that counsel could have argued that securities fraud was not foreseeable because the Gambino family barred trading in securities, the testimony he cites suggests (1) that Gambino family rules were routinely violated, App. 300 (referring to family rules as "complete hypocrisy"), and (2) that the rule may have only barred dealing in "government stocks and bonds," App. 63, not all securities. Thus, Yannotti can demonstrate that had counsel advanced this argument "[t]he likelihood of a different result [would] be substantial." *See Harrington*, 131 S. Ct. at 792.

Yannotti also contends that due to counsel' s misunderstanding of RICO conspiracy law, he did not request a special verdict sheet, which would have required the jury to specify the two predicate acts that the government proved in connection with the RICO conspiracy charge.

5

Yannotti contends that there is a risk that the jury found that the loansharking conspiracy contributed to the conviction, which would be improper given the district court's conclusion that "the Government did not present any evidence that Yannotti continued the charged loansharking conspiracy after July 21, 1999." *United States v. Yannotti*, 415 F. Supp. 2d 280, 288 (S.D.N.Y. 2005). However, because the district court properly instructed the jury about RICO conspiracy law and because "we must presume that the jury followed the court's instructions," *United States v. Joyner*, 201 F.3d 61, 69 (2d Cir. 2000), there is no basis to conclude that the jury's verdict was improper. Moreover, while Yannotti now insists that the decision to waive the special verdict form stemmed from counsel's misunderstanding of RICO conspiracy law, counsel never makes this claim in his affirmation. It is, indeed, plausible that the decision to waive the special verdict form was a strategic decision to avoid the possibility that the jury would find the murders proved for the purposes of RICO conspiracy, thus increasing Yannotti's sentencing exposure.

Finally, while Yannotti contends that counsel could have pursued a withdrawal defense, given the substantial evidence that Yannotti continued to associate with Gambino family members up until his arrest, we similarly are not persuaded that this defense would have been likely to succeed. Accordingly, we conclude that the district court did not err in denying Yannotti's § 2255 motion for failure to demonstrate actual prejudice.

We have considered all of the defendant's remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK